

FILED IN CLERK'S OFFICE
U.S.D.C Atlanta

MAY 1 4 2008

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| VERACITY PAYMENT SOLUTIONS, INC., a Georgia corporation,     ) ) ) | CIVIL ACTION FILE NO. |
| Plaintiff,     ) ) | **1 08-rv-1743** |
| v.     ) ) | |
| NELiX TransaX, LLC, an Illinois Limited Liability Corporation, d/b/a VERACITY PAY,     ) ) ) ) | |
| Defendant.     ) | |

## COMPLAINT

Plaintiff Veracity Payment Solutions, Inc., a Georgia corporation ("Plaintiff" or "Veracity") hereby files its Complaint against NELiX TransaX, LLC, an Illinois Limited Liability Corporation ("Nelix" or "Defendant"), and shows the Court as follows:

### Nature of Action

1. This is an action for trademark infringement, false designation, common law and statutory infringement of Veracity's service marks, "Veracity" and "Veracity Payment Solutions" and violation of numerous laws of the State of Georgia, including, but not limited to the common law of unfair competition.

Veracity is an electronic payment company, which has used the "Veracity" marks in interstate commerce since at least December 2006, in connection with its electronic processing and electronic payments related services. Veracity recently learned that Defendant Nelix has begun using the "Veracity" marks in a manner competitive with Veracity, and which is deceptive and confusing to consumers and to Veracity's customers. Veracity therefore seeks preliminary and permanent injunctive relief to restrain Nelix's infringing use of Veracity marks, as well as all damages, costs, and attorney fees available under any and all applicable provisions of law.

### A.   The Parties

2.    Veracity is a Georgia corporation with its principal place of business located in Atlanta, Georgia.

3.    Nelix is, upon information and belief, an Illinois Limited Liability Corporation with its principal place of business located in Schaumburg, Illinois.

### B.   Jurisdiction and Venue

4.    The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question), as claims are asserted under 15 U.S.C. § 1051 *et seq.* (the Lanham Trademark Act); 28 U.S.C. § 1332 (diversity jurisdiction), as there is complete diversity of the parties and damages are claimed

in an amount greater than $75,000, exclusive of costs and interest; 28 U.S.C. §

1338 (original jurisdiction over trademark and unfair competition claims); and 28

U.S.C. § 1367 (supplemental jurisdiction over pendent state claims).

5.      Venue properly lies in the Northern District of Georgia pursuant to 28

U.S.C. § 1391 (b) and (c). Acts giving rise to the following causes of action have

occurred and are occurring in the Northern District of Georgia, as well as

elsewhere.

6.      Defendant, an Illinois limited liability corporation, is subject to

personal jurisdiction in the Northern District of Georgia.  Defendant is a foreign

corporation that has transacted and continues to transact business within the State

of Georgia, has purposefully availed itself of the privilege of doing business within

the Northern District of Georgia, and has done so on a continuous and systematic

basis.  Moreover, Defendant has committed tortious acts that have caused damages

within the Northern District of Georgia.  This Court has personal jurisdiction over

the Defendant pursuant to the Georgia Long-Arm Statute, O.C.G.A. § 9-10-91, and

in compliance with the principles of Due Process.

## C.      Factual Allegations

7.      Veracity, headquartered in Atlanta, Georgia, operates a broad-based

merchant services company.  The company's current operations include electronic

processing systems as well as a variety of other electronic payment related services.

8.    Veracity began using the "Veracity" mark in connection with its electronic payment services at least as early as December 2006 and has used the mark continually in interstate commerce since then. Veracity has also used its corporate name, "Veracity Payment Solutions, Inc.," as a service mark throughout that period. ("Veracity" and "Veracity Payment Solutions, Inc.," are collectively referred to as "the Veracity Marks"). Attached hereto as **Exhibits A** and **B** are examples of Veracity's use of the Veracity Marks in the advertising and promotion of its services.

9.    Veracity has operated an Internet website using under the domain name www.veracitypayments.com since March 2007 (the "Veracity Website"). Attached hereto as **Exhibit C** is a printout from the Network Solutions Inc. database, showing registration information for the Veracity Website. Attached hereto as **Exhibit D** are various web pages from the Veracity Website, showing the mark being used in the advertising and promotion of Veracity's services.

10.    As a result of Veracity's continuous use of the Veracity Marks, those Marks have become emblematic and distinctive of Veracity's services on a national level in electronic payment services. As a further result of Veracity's

continuous use of the Veracity Marks, Veracity has developed exclusive common law rights in those Marks on a nationwide basis.

11. Additionally, Veracity is the owner of a federal trademark registration for "VERACITY PAYMENT SOLUTIONS, CONNECTING RELATIONSHIPS TO SUCCESS," Reg. No. 3397538. This registration establishes a priority of use dating to May 2007. Attached hereto as **Exhibit E** is a printout from the USPTO website reflecting the registration.

12. Defendant Nelix, upon information and belief, has been in existence since approximately 2006, adopting the Veracity name in approximately October 2007. Plaintiff is informed and believes that Defendant has operated commercially under the names NELix TransaX and Veracity. Attached hereto as **Exhibits F & G** are printouts from Defendant's website and from the State of Illinois Department of Business database, showing Defendant's corporate names and registration information.

13. Until recently, Veracity was unaware of Defendant's existence, or of its using "Veracity" as its service mark.

14. Upon information and belief, in 2008, Defendant began operating a website at www.veracitypay.com ("Defendant's Website"). Attached hereto as **Exhibit H** are printouts of various web pages from Defendant's Website. Attached

hereto as **Exhibit I** is a printout from the Network Solutions, Inc. WHOIS database, showing Defendant's registration for its Website. Defendant's Website advertises and promotes a "cashless payments" and other electronic payment services. Many of the services advertised by Defendant are identical to or very similar to those offered by Veracity. Defendant is competing directly with Veracity.

15. Defendant's website prominently displays "Veracity" being used in a trademark sense at the top of the page, with "Veracity Pay" printed throughout.

16. Defendant's conduct in using the Veracity Marks will lead to substantial confusion as to Defendant's affiliation with Veracity, or as to Veracity being the source of Defendant's services.

## COUNT I – TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114 – (Section 32 of the Lanham Trademark Act)

17. Plaintiff Veracity repeats and realleges all allegations in Paragraphs 1-16 as though fully set forth herein.

18. At all times relevant hereto, Plaintiff Veracity has been the exclusive owner of the trademark "Veracity," including the United States trademark Reg. No. 2297538 VERACITY PAYMENT SOLUTIONS, CONNECTING RELATIONSHIPS TO SUCCESS (Class 36), which is valid and subsisting.

19.     The "Veracity" trademark is inherently distinctive, as it is a purely arbitrary designation as applied to the services offered by Veracity. Moreover, through continued and extensive use and advertising, the trademark "Veracity" has become exclusively identified with Plaintiff Veracity.

20.     Defendant has infringed Plaintiff's mark in interstate commerce by various acts, including promotion and marketing of "Veracity" and "Veracity Pay" on its website and engaging in the electronic payment services business. Defendant wrongfully used and continues to use a mark substantially similar to the mark "Veracity" and/or other words, terms, names, symbols, or devices, in commerce, in connection with its services.

21.     Such use is without permission or authority of Plaintiff and is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendant with Plaintiff Veracity, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities, by Plaintiff Veracity.

22.     Defendant's violation of Plaintiff's rights in the trademark "Veracity" is knowing, willful, deliberate, fraudulent, and intentional, and was made with the knowledge that such violation would damage Plaintiff and the trademark.

23. As a direct result of Defendant's violations, as aforesaid, Plaintiff Veracity has suffered substantial harm including, but not limited to, irreparable harm which cannot be remedied unless Defendant is enjoined from use of the trademarks.

WHEREFORE, Plaintiff prays that this Honorable Court issue judgment on Count I in favor of Plaintiff, providing as follows:

(a) That Defendant, its partners, directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendant, be enjoined from directly or indirectly using "Veracity" or any other trademark of Plaintiff Veracity, or any colorable imitation thereof, including, but not limited to, Veracity Pay, Veracity Payment, or Veracity Payment Solutions, as part of any trademark, service mark or trade name, or in such a way as to be likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff Veracity, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities, by Plaintiff Veracity;

(b) That Defendant be required to account to Plaintiff Veracity for all income and benefits received by Defendant from the use of Plaintiff's

trademark, or colorable imitation thereof, and that Defendant be required to disgorge all such income;

(c)     That Defendant be required to deliver to Plaintiff, at Defendant's sole expense, any and all goods or products which use or bear any trademark of Plaintiff's, or any colorable imitation thereof, including immediately deactivation of the www.veracitypay.com Internet web site and assignment to Plaintiff Veracity, at Defendant's sole expense, of the domain name "veracitypay.com."

(d)     That Defendant pay Plaintiff all damages, including treble damages, suffered by Plaintiff as a result of Defendant's violations of Plaintiff's rights under Section 32 of the Lanham Act, as aforesaid;

(e)     That Defendants pay Plaintiff attorney fees, and all other damages available for violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*; and

(f)     Granting Plaintiff such other relief as this Honorable Court deems just.

## COUNT II – FALSE DESIGNATION
### 15 U.S.C. § 1125(a) -- (Section 43(a) of the Lanham Trademark Act)

24.     Veracity repeats and realleges paragraphs 1-23 as if fully set forth herein.

25.     At all times relevant hereto, Veracity has been the exclusive owner of the Veracity Marks.

26.     The Veracity Marks are inherently distinctive, as it a purely arbitrary designation as applied to the services offered by Veracity.  Moreover, through continued and extensive use and advertising, the Veracity Marks have become exclusively identified with Plaintiff Veracity.

27.     Defendant has wrongfully used and continues to use the Veracity Marks and/or other words, terms, names, symbols, or devices, in commerce, in connection with its services.

28.     Such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff Veracity, or as to the origin, sponsorship, or approval of Defendant's services, or commercial activities, by Plaintiff Veracity.

29.     Defendant's violation of Plaintiff's rights in the Veracity Marks is knowing, willful, deliberate, fraudulent, and intentional, and was made with the knowledge that such violation would damage Plaintiff and the Veracity Marks.

30.     As a direct result of Defendant's violations, as aforesaid, Plaintiff Veracity has suffered substantial harm including, but not limited to, irreparable harm which cannot be remedied unless Defendant is enjoined from use of the Veracity Marks.

WHEREFORE, Plaintiff prays that this Honorable Court issue judgment on Count II in favor of Plaintiff, providing as follows:

(a)     That Defendant, its partners, directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendant, be preliminarily and permanently enjoined from directly or indirectly using "Veracity," "Veracity Pay" or any other trademark or service mark of Plaintiff Veracity, or any colorable imitation thereof, including, but not limited to, Veracity Pay, Veracity Payment, or Veracity Payment Solutions, as part of any trademark, service mark or trade name, or in such a way as to be likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant with

Plaintiff Veracity, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities, by Plaintiff Veracity;

(b)     That Requiring Defendant to immediately deactivate the www.veracitypay.com Internet web site and to assign to Plaintiff Veracity, at Defendant's sole expense, the domain name "veracitypay.com."

(c)     Requiring Defendant to account to Plaintiff Veracity for all income and benefits received by Defendant from the use of the Veracity Marks, or colorable imitation thereof, and that Defendant be required to disgorge all such income;

(d)     Requiring Defendant to pay Plaintiff all damages suffered by Plaintiff as a result of Defendant's violations of Plaintiff's rights of Section 43(a) of the Lanham Act, including, but not limited to, treble damages, in an amount greater than $75,000, as proved at trial, as aforesaid;

(e)     Requiring Defendant to pay Plaintiff's costs and expenses, including attorney fees, and all other damages available for violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq,* in an amount greater than $75,000, as proved at trial, as aforesaid ; and

(f)     Granting Plaintiff such other relief as this Honorable Court deems just.

## COUNT III – COMMON LAW TRADEMARK INFRINGEMENT

31.     Veracity repeats and realleges paragraphs 1-30 as if fully set forth herein.

32.     At all times relevant hereto, Veracity has been the exclusive owner of common law rights in the Veracity Marks on a nationwide basis.

33.     The Veracity Marks are inherently distinctive, as they are a purely arbitrary designation as applied to the services offered by Veracity.  Moreover, through continued and extensive use and advertising, the Veracity Marks have become exclusively identified with Plaintiff Veracity.

34.     Defendant has wrongfully used and continues to use the Veracity Marks and/or other words, terms, names, symbols, or devices, in commerce, in connection with its services and goods.

35.     Such use is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff Veracity, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities, by Plaintiff Veracity.

36.     Such use is also likely to cause confusion, or to cause mistake, or to deceive as to Plaintiff Veracity being the producer of Defendant's services.

37.    Defendant's activities constitute infringement of the Veracity Marks.

38.    Defendant's violation of Plaintiff's rights in the Veracity Marks is knowing, willful, deliberate, fraudulent, and intentional, and was made with the knowledge that such violation would damage Plaintiff and the Veracity Marks.

39.    As a direct result of Defendant's violations, as aforesaid, Plaintiff Veracity has suffered substantial harm including, but not limited to, irreparable harm which cannot be remedied unless Defendant is enjoined from use of the Veracity Marks.

WHEREFORE, Plaintiff prays that this Honorable Court issue judgment on Count III in favor of Plaintiff, providing as follows:

(a)    That Defendant, its partners, directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendant, be preliminarily and permanently enjoined from directly or indirectly using "Veracity," "Veracity Pay" or any other trademark or service mark of Plaintiff Veracity, or any colorable imitation thereof, including, but not limited to, Veracity Pay, Veracity Payment, or Veracity Payment Solutions, as part of any trademark, service mark or trade name, or in such a way as to be likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant with

14

Plaintiff Veracity, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities, by Plaintiff Veracity;

(b)     Requiring Defendant to immediately deactivate the www.veracitypay.com Internet web site and to assign to Plaintiff Veracity, at Defendant's sole expense, the domain name "veracitypay.com."

(c)     Requiring Defendant to account to Plaintiff Veracity for all income and benefits received by Defendant from the use of the Veracity Marks trademark, or colorable imitation thereof, and that Defendant be required to disgorge all such income;

(d)     Requiring Defendant to pay Plaintiff all damages, including punitive damages, to the extent available, suffered by Plaintiff as a result of Defendant's violations of Plaintiff's rights in an amount greater than $75,000, as proved at trial, as aforesaid;

(e)     Requiring Defendant to pay Plaintiff's costs and expenses, including attorney fees, and all other damages available for violation of Plaintiff's rights, in an amount greater than $75,000, as proved at trial, as aforesaid; and

(f)     Granting Plaintiff such other relief as this Honorable Court deems just.

## COUNT IV – FEDERAL TRADEMARK CYBERPIRACY
## 15 USC § 1125(d)- (Section 43(d) of the Lanham Trademark Act)

40.     Veracity repeats and realleges paragraphs 1-39 as if fully set forth herein.

41.     The domain name www.varacitypay.com being used by Defendant is virtually identical to the Veracity Marks, and is confusedly similar to such marks.

42.     Upon information and belief, Defendant is not using the domain name solely for a bona fide offering of goods and/or services.

43.     Upon information and belief, Defendant's domain name has been registered and used in a way as to harm the goodwill of Plaintiff's marks and business.

44.     Upon information and belief, Defendant was aware of the Veracity Marks at the time it registered its domain name and did so with the intent to adopt Veracity Marks.

45.     Upon information and belief, the unlawful act of registering and using Defendant's domain name was done with a bad faith intent to profit from the Veracity Marks.

46.     As a result of the registration and use of Defendant's domain name, Plaintiff has suffered, and continues to suffer, substantial damages and irreparable harm.

47.     The acts described above constitute trademark cyberpiracy in violation of Section 43(d) of the Lanham Act, 15 USC § 1125(d).

WHEREFORE, Plaintiff prays that this Honorable Court issue judgment on Count IV in favor of Plaintiff, providing as follows:

(a)     That Defendant, its partners, directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendant, be preliminarily and permanently enjoined from directly or indirectly using "Veracity," "Veracity, Inc." or any other trademark or service mark of Plaintiff Veracity, or any colorable imitation thereof, including, but not limited to, Veracity Pay, Veracity Payment, or Veracity Payment Solutions, as part of any trademark, service mark or trade name, or in such a way as to be likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff Veracity, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities, by Plaintiff Veracity;

(b)     Requiring Defendant to immediately deactivate the www.veracitypay.com Internet web site and to assign to Plaintiff Veracity, at Defendant's sole expense, the domain name "veracitypay.com."

(c)     Requiring Defendant to account to Plaintiff Veracity for all income and benefits received by Defendant from the use of the Veracity Marks, or colorable imitation thereof, and that Defendant be required to disgorge all such income;

(d)     Requiring Defendant to pay Plaintiff all damages suffered by Plaintiff as a result of Defendant's violations of Plaintiff's rights of Section 43(b) of the Lanham Act, including, but not limited to, treble damages, in an amount greater than $75,000, as proved at trial, as aforesaid;

(e)     Requiring Defendant to pay Plaintiff's costs and expenses, including attorney fees, and all other damages available for violation of the Lanham Act, 15 U.S.C. §§ 1051, *et seq,* in an amount greater than $75,000, as proved at trial, as aforesaid; and

(f)     Granting Plaintiff such other relief as this Honorable Court deems just.

## COUNT V – UNFAIR COMPETITION

48.    Plaintiff repeats and realleges paragraphs 1-47 as though fully set forth herein.

49.    At all times relevant hereto, Plaintiff Veracity has been the exclusive owner of the Veracity Marks.

50.    The Veracity Marks are inherently distinctive, as they are a purely arbitrary designation as applied to the services offered by Veracity. Moreover, through continued and extensive use and advertising, the Veracity Marks have become exclusively identified with Plaintiff Veracity.

51.    Defendant has wrongfully used and continues to wrongfully use the Veracity Marks and/or colorable imitations thereof, in commerce, in connection with the sale, offering for sale, distribution, or advertising of its goods and services, in violation of Plaintiff Veracity's rights under the Georgia common law of unfair competition.

52.    Defendant's conduct aforesaid is likely to cause confusion, or to cause mistake, or to deceive consumers and the public.

53.    Defendant's violation of Plaintiff's rights in the Veracity Marks is willful, deliberate, fraudulent, and intentional, and was made with the knowledge

that such violation would damage Plaintiff and the trademark and the specific intent to cause harm.

54.     As a direct result of Defendant's violations, as aforesaid, Plaintiff Veracity has suffered substantial harm including, but not limited to, irreparable harm which cannot be remedied unless Defendant is enjoined from use of the service mark.

WHEREFORE, Plaintiff prays that this Honorable Court issue judgment on Count V in favor of Plaintiff, providing as follows:

(a)     That Defendant, its partners, directors and officers, agents, servants, employees, and all other persons in active concert or privity or in participation with Defendant, be preliminarily and permanently enjoined from directly or indirectly using "Veracity," "Veracity Pay." or any other trademark or service mark of Plaintiff Veracity, or any colorable imitation thereof, as part of any trademark, service mark or trade name, or in such a way as to be likely to cause confusion, mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff Veracity, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities, by Plaintiff Veracity;

(b)     Requiring Defendant to immediately deactivate the

www.veracitypay.com Internet web site and to assign to Plaintiff Veracity,

at Defendant's sole expense, the domain name "veracitypay.com."

(c)     Requiring Defendant to account to Plaintiff Veracity for all

income and benefits received by Defendant from the use of the Veracity

Marks, or colorable imitation thereof, and that Defendant be required to

disgorge all such income;

(d)     Requiring Defendant to pay Plaintiff all damages suffered by

Plaintiff as a result of Defendant's violations of Plaintiff's rights under the

Georgia common law of unfair competition, as aforesaid;

(e)     Requiring Defendant to pay Plaintiff's costs and expenses,

including attorney fees, and all other damages, including punitive damages

to the extent available, for violation of the Georgia common law of unfair

competition; and

(f)     Granting Plaintiff such other relief as this Honorable Court

deems just.

# JURY DEMAND

Plaintiff Veracity Payment Solutions, Inc. hereby demands a jury trial of all issues in this case that may be tried to a jury.

Respectfully submitted, this _14th_ day of _May_, 2008.

**ASHE RAFUSE & HILL, LLP**

By: _____

Joseph C. Sharp
Georgia Bar No. 637965
joesharp@asherafuse.com
Justin M. Scott
Georgia Bar No. 557463
justinscott@asherafuse.com
1355 Peachtree Street NE, Suite 500
Atlanta, Georgia 30309-3232
Telephone: (404) 253-6000
Fax: (404) 253-6060

Counsel for Plaintiff